UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**PATRICK NOEL**                                                                                                               **PLAINTIFF**

**v.**                                           **CIVIL ACTION NO. 3:12CV-P296-S**

**DOCTOR SIJIA LIU et al.**                                                  **DEFENDANTS**

## MEMORANDUM OPINION

Plaintiff, Patrick Noel, filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the action will be dismissed in part and allowed to continue in part.

### I. SUMMARY OF CLAIMS

Plaintiff is currently an inmate at the Luther Luckett Correctional Complex (LLCC). Previously, he was housed at the Roederer Correctional Complex (RCC). He sues in their individual and official capacities the following: Dr. Sijia Liu, Kentucky State Reformatory (KSR) opthamalogist; Brenda Beehler, RCC nurse administrator; Roy Washington, RCC ARPN; Ruth Brekken, RCC LPN; Dr. Doug Crall, KDOC Medical Director; Kristy Mullins, LLCC Health Services Manager; Tammy Howard, RCC grievance coordinator; Rachel Butler, LLCC LPN; Correct-Care Integrated Health Services; John and Jane Does; and KDOC Commissioner LaDonna Thomspon.

Plaintiff alleges that in August 2011, while housed at RCC, he filled out a sick-call slip requesting medical attention for his right eye. He states that RCC "medical" indicated that he would be seen by an eye doctor. After several more days, he was taken to KSR's eye clinic, was given some eye ointment, and told he had an eye infection. He alleges that, starting on August

29, 2011, RCC medical staff applied the ointment to both his eyes when it had been prescribed for only one eye. He alleges that on or about September 6, 2011, he "experienced a big massive flash of light in [his] left eye." He went to "medical" and the nurse said that she did not know what that meant but she stopped the use of the ointment. He states that he was taken to the eye doctor the next day. While at the KSR eye clinic, KSR staff arranged to have him taken to Bennet & Bloom Eye Center within one and one-half hours, where he was scheduled for eye surgery the following Tuesday. He states that he has lost all sight in his left eye because Defendants prescribed him the wrong medication and applied it incorrectly. He also alleges that he will lose sight in his right eye if prompt treatment is not provided. He states that he filed grievances but did not receive responses. He also asserts that neither the grievance coordinator nor the grievance aides advised him that if he were moved or transferred a grievance aide could represent him for purposes of his grievances. Plaintiff asks for declarative and injunctive relief, as well as compensatory and punitive damages.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a

plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

**Official-capacity claims**

State officials sued in their official capacity for money damages, are not "person[s]" subject to suit under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Furthermore, official-capacity claims for damages against state officials are barred by the Eleventh Amendment to the United States Constitution. *Will*, 491 U.S. at 71; *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity."). Accordingly, the official-capacity claims for damages will be dismissed for failure to state a claim and for seeking monetary relief from Defendants who are immune from such relief.

**Individual-capacity claims**

*LaDonna Thompson and Dr. Doug Crall*

Defendant Thompson is KDOC Commissioner. Plaintiff alleges that she is "legally responsible for the overall operation" of the KDOC, including LLCC and RCC. According to the complaint, Defendant Crall is medical director for KDOC and as such, Plaintiff alleges, he is responsible for the overall operation of each medical facility. He does not allege any personal

3

involvement by Defendants Thompson or Crall in any of the alleged constitutional violations.

Commissioner Thompson's and Dr. Crall's supervisory positions dos not automatically make them liable for the actions of their subordinates. "*Respondeat superior*[1] is not a proper basis for liability under § 1983." *McQueen v. Beecher Cmty. Schs.*, 433 F.3d 460, 470 (6th Cir. 2006). "Nor can the liability of supervisors be based solely on the right to control employees, or simple awareness of employees' misconduct." *Id.* (internal quotations omitted). "In order for supervisory liability to attach, a plaintiff must prove that the official 'did more than play a passive role in the alleged violation or showed mere tacit approval of the goings on.'" *Loy v. Sexton*, 132 F. App'x 624, 626 (6th Cir. 2005) (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)). In other words, "liability under § 1983 must be based on active unconstitutional behavior." *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "A supervisor's awareness of allegations of unconstitutional conduct and failure to act are not a basis for liability." *McCurtis v. Wood*, 76 F. App'x 632, 634 (6th Cir. 2003). Thus, even if these Defendants were aware of the allegations in Plaintiff's complaint, such fact would not be enough to subject them to liability under § 1983 for the purported wrongdoing of their subordinates. The claims against them will be dismissed.

### *Tammy Howard*

According to Plaintiff's complaint Defendant Howard is the grievance coordinator at RCC and is responsible for the "proper procession of grievances filed." An inmate grievance

---

[1] *Respondeat superior* is "the doctrine under which liability is imposed upon an employer for the acts of his employees committed in the course and scope of their employment." Ballentine's Law Dictionary (3d ed. 1969).

procedure within the prison system is not constitutionally required. *See United States ex rel. Wolfish v. Levi*, 439 F. Supp. 114, 163 (S.D.N.Y. 1977), *aff'd sub nom*, *Wolfish v. Levi*, 573 F.2d 118 (2nd Cir. 1978), *rev'd on other grounds*, *Bell v. Wolfish*, 441 U.S. 520 (1979); *Spencer v. Moore*, 638 F. Supp. 315 (E.D. Mo. 1986); *O'Bryan v. County of Saganaw*, 437 F. Supp. 582, 601 (E.D. Mich. 1977). If the prison provides a grievance process, violations of its procedures do not rise to the level of a federal constitutional right. *Spencer*, 638 F. Supp. at 316. Plaintiff has no right to an effective grievance procedure. *Ishaaq v. Compton*, 900 F. Supp. 935, 940-41 (W.D. Tenn. 1995); *Flowers v. Tate*, Nos. 90-3742, 90-3796, 1991 WL 22009 (6th Cir. Feb. 22, 1991). Therefore, a failure to follow the grievance procedures does not give rise to a § 1983 claim. *Id.*; *Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982). Thus, Plaintiff's claims against Defendant Howard, all of which relate to the lack of adequate grievance procedures, must be dismissed.

### *Injunctive relief*

Plaintiff's request for declaratory and injunctive relief against employees of RCC are moot because he is no longer incarcerated at the RCC. *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996). Consequently, they will be dismissed as well.

### *Correct-Care Integrated Health Services*

A private corporation, like Correct-Care Integrated Health Services, "is not liable under § 1983 for torts committed by its employees when such liability is predicated solely upon a theory of respondeat superior." *Austin v. Paramount Parks, Inc.*, 195 F.3d 715, 728 (4th Cir. 1999). Rather, a private corporation is liable under § 1983 only when an official policy or custom of the corporation causes the alleged deprivation of federal rights. *See Street v. Corr.*

5

*Corp. of Am.*, 102 F.3d 810, 817 (6th Cir. 1996).  Reading Plaintiff's complaint liberally as the Court is required to do, *see Boag v. MacDougall,* 454 U.S. at 365, Plaintiff has not alleged that Correct-Care Integrated Health Services had a policy or custom that caused the alleged deprivation of his federal rights.  Therefore, the Court will dismiss Plaintiff's claim against Defendant Correct-Care.

### *Eighth Amendment claims*

To establish an Eighth Amendment violation premised on inadequate medical care, a prisoner must demonstrate that the defendant acted, or failed to act, with "deliberate indifference to serious medical needs."  *Farmer v. Brennan*, 511 U.S. 825, 835 (1994) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)); *Terrance v. Northville Reg'l Psychiatric Hosp*., 286 F.3d 834, 843 (6th Cir. 2002).  Thus, to state a cognizable claim, a prisoner must show that the official "acted or failed to act despite his knowledge of a substantial risk of serious harm" to the inmate.  *Terrance*, 286 F.3d at 843 (quoting *Farmer*, 511 U.S. at 842).  Less flagrant conduct, however, may still evince deliberate indifference where there is "a showing of grossly inadequate care as well as a decision to take an easier but less efficacious course of treatment."  *Id.* (quoting *McElligott v. Foley,* 182 F.3d 1248, 1255 (11th Cir. 1999)).  Such grossly inadequate care is "medical treatment 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'"  *Id.* at 844 (quoting *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989)).

The Court will allow the Eighth Amendment claims against Defendants Liu, Beehler, Washington, Brekken, Mullins, Butler, and Correct-Care John and Jane Doe employees in their individual capacities for monetary damages to go forward.  The Court also will allow the claims

against Defendants Liu, Mullins, Butler, and Correct-Care John and Jane Doe employee in their individual and official capacities for injunctive relief to go forward.

### III. CONCLUSION

For the foregoing reasons, the Court will by separate Order dismiss the claims against Defendants Thompson, Crall, Howard, and Correct-Care Integrated Health Services and the claims for declaratory and injunctive relief relating to Defendants at RCC.  Additionally, the official-capacity claims for damages will be dismissed for failure to state a claim and for seeking monetary relief from Defendants who are immune from such relief.  The Court will allow the Eighth Amendment claims against Defendants Liu, Beehler, Washington, Brekken, Mullins, Butler, and Correct-Care John and Jane Doe employees in their individual capacities for monetary damages to go forward.  The Court also will allow the claims against Defendants Liu, Mullins, Butler, and Correct-Care John and Jane Doe employees at LLCC in their individual and official capacities for injunctive relief to go forward.  The Court will enter a Scheduling Order to govern the development of the remaining claims.

Date: October 2, 2012

Charles R. Simpson III, Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendants
    General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4411.009