UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

PATRICK NOEL                                                                        PLAINTIFF

v.                                                         CIVIL ACTION NO. 3:12CV-P296-S

DR. SIJIA LIU et al.                                                   DEFENDANTS

### MEMORANDUM OPINION AND ORDER

Before the Court is the summary-judgment motion filed by Defendant Beehler (DN 46). For the following reasons, that motion will be granted.

### I. FACTS

Plaintiff is currently an inmate at the Luther Luckett Correctional Complex (LLCC). Previously, he was housed at the Roederer Correctional Complex (RCC). He sued, among other Defendants, Brenda Beehler, whom he identified as the RCC nurse administrator, in her individual and official capacities.

Plaintiff alleged that in August 2011, while housed at RCC, he filled out a sick-call slip requesting medical attention for his right eye. He stated that RCC "medical" indicated that he would be seen by an eye doctor. After several more days, he was taken to the eye clinic at the Kentucky State Reformatory (KSR), was given some eye ointment, and told he had an eye infection. He alleged that, starting on August 29, 2011, RCC medical staff applied the ointment to both his eyes when it had been prescribed for only one eye. He alleged that on or about September 6, 2011, he "experienced a big massive flash of light in [his] left eye." He went to "medical" and the nurse said that she did not know what that meant but she stopped the use of the ointment. He stated that he was taken to the eye doctor the next day. While at the KSR eye clinic, KSR staff arranged to have him taken to the Bennet & Bloom Eye Center within one and one-half hours, where he was

scheduled for eye surgery the following Tuesday. He stated that he has lost all sight in his left eye because Defendants prescribed him the wrong medication and applied it incorrectly. He also alleged that he will lose sight in his right eye if prompt treatment is not provided.

## II. ANALYSIS

*Summary-judgment standard*

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The party moving for summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

The moving party's burden may be discharged by demonstrating that there is an absence of evidence to support an essential element of the nonmoving party's case for which he or she has the burden of proof. *Id.* Once the moving party demonstrates this lack of evidence, the burden passes to the nonmoving party to establish, after an adequate opportunity for discovery, the existence of a disputed factual element essential to his case with respect to which he bears the burden of proof. *Id.* If the record taken as a whole could not lead the trier of fact to find for the nonmoving party, the motion for summary judgment should be granted. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

Where the nonmoving party bears the burden of proof at trial, "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. The nonmoving party must do more than raise some doubt as to the existence of a fact; the nonmoving party must produce evidence that would be sufficient to require submission of the issue to the jury. *Lucas v. Leaseway Multi Transp. Serv., Inc.*, 738 F.

Supp. 214, 217 (E.D. Mich. 1990). The moving party, therefore, is "entitled to a judgment as a matter of law because the nonmoving party has failed to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof." *Id.* (internal quotation marks omitted).

*Defendant Beehler's motion*

Defendant Beehler, who is identified by Plaintiff in the complaint as RCC's nurse administrator, argues that she was not serving as the Nurse Service Administrator at RCC at the time of Plaintiff's incarceration there and she had no knowledge of his issues until he filed a grievance in April 2012. She states that her employment as the Nurse Service Administrator at RCC ended three weeks before Plaintiff arrived there. She further argues that no Eighth Amendment violation occurred since Plaintiff was seen by medical personnel, was prescribed medication, and was seen by an eye expert. She also argues that she is entitled to qualified immunity and that Plaintiff has failed to exhaust his administrative remedies.

Defendant Beehler attaches various medical records relating to Plaintiff. None of those records shows that he received any medical attention from her. She also attaches her affidavit. She avers that she has not worked as the Nurse Service Administrator at RCC since July 1, 2011; instead, at that time she began working as Acting Nurse Executive for the Kentucky Department of Corrections. Her duties included attending meetings throughout Kentucky and serving on the Health Care Grievance Committee. She avers that another nurse was appointed to assume her duties as Acting Nurse Service Administrator at RCC. She also avers that she became aware of Plaintiff's "medical issues when he filed a Health Care Grievance on April 2, 2012. At that time [Plaintiff] was housed at [LLCC]."

3

Plaintiff did not file a response to Defendant Beehler's motion despite the Court extending his time to do so.

*Administrative exhaustion*

Pursuant to 42 U.S.C. § 1997e(c)(2), "In the event that a claim is, on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief, the court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies." "The Court may also deny an unexhausted claim on the merits . . . in the context of a summary judgment motion as well." *Casanova v. Mich. Dep't of Corr.*, No. 10-13950, 2012 WL 4470637, at *6 n.4 (E.D. Mich. Aug. 31, 2012) (listing cases). Because the Court finds that Plaintiff's claim fails to state a claim upon which relief can be granted, the Court does not consider whether Plaintiff failed to exhaust.

*Merits*

Here, Defendant Beehler has established by her affidavit that after July 1, 2011, she has not performed the duties of Nurse Service Administrator at RCC. Plaintiff's claims relate to medical attention for his eyes beginning in August 2011. Thus, it appears from the record that Defendant Beehler had no involvement in the alleged violations of Plaintiff's constitutional rights. Because Plaintiff has put forth no evidence that Defendant Beehler in fact was involved in his medical care at RCC, Defendant Beehler is entitled to summary judgment in her favor. *See Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995) (per curiam) (stating that personal involvement by the defendant is an essential element in a § 1983 cause of action asserting a constitutional deprivation).

Moreover, to the extent that Defendant Beehler became aware of his complaint through the grievance process in April 2012, neither her knowledge of his grievance nor any decision-making

authority she may have had over that grievance or over medical staff within the KDOC gives rise to a claim against her.

First, "[r]espondeat superior[1] is not a proper basis for liability under § 1983." *McQueen v. Beecher Cmty. Schs.*, 433 F.3d 460, 470 (6th Cir. 2006). "Nor can the liability of supervisors be based solely on the right to control employees, or simple awareness of employees' misconduct." *Id.* (internal quotations omitted). "In order for supervisory liability to attach, a plaintiff must prove that the official 'did more than play a passive role in the alleged violation or showed mere tacit approval of the goings on.'" *Loy v. Sexton*, 132 F. App'x 624, 626 (6th Cir. 2005) (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)). In other words, "liability under § 1983 must be based on active unconstitutional behavior." *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "A supervisor's awareness of allegations of unconstitutional conduct and failure to act are not a basis for liability." *McCurtis v. Wood*, 76 F. App'x 632, 634 (6th Cir. 2003).

Thus, the fact that Defendant Beehler became aware of Plaintiff's complaints is not enough to subject her to liability under § 1983 for Plaintiff's medical providers' alleged failure to provide Plaintiff with the type of treatment he desired. *See, e.g.*, *Brown v. Green*, No. 97-1117, 1997 WL 777979, at *2 (6th Cir. Dec. 12, 1997) ("Defendant Green, being sued in her official capacity as the Medical Director of the Michigan Department of Corrections, cannot be held liable for an alleged constitutional violation, because the doctrine of respondeat superior does not apply in § 1983 lawsuits to impute liability onto supervisory personnel."); *Farrow v. West*, 320 F.3d 1235, 1238 n.1

---

[1]Respondeat superior is "the doctrine under which liability is imposed upon an employer for the acts of his employees committed in the course and scope of their employment." BALLENTINE'S LAW DICTIONARY (3d ed. 1969).

(11th Cir. 2003) (holding that the regional director of prison medical services was not liable for actions of subordinate medical staff).

Likewise, Defendant Beehler's service on the Health Care Grievance Committee does not subject her to liability under § 1983. There is "no constitutionally protected due process interest in unfettered access to a prison grievance procedure." *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005). By the same token, a plaintiff cannot maintain a claim against a prison official based solely on his or her denial of the plaintiff's grievance. "The 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983." *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) (quoting *Shehee v. Luttrell*, 199 F.3d at 300). "The mere denial of a prisoner's grievance states no claim of constitutional dimension." *Alder v. Corr. Med. Servs.*, 73 F. App'x 839, 841 (6th Cir. 2003). A plaintiff's claim is against the subjects of his grievances, not those who merely decided whether to grant or deny the grievances. *See Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006) ("Skinner's complaint regarding Wolfenbarger's denial of Skinner's grievance appeal, it is clear, fails to state a claim."); *Lee v. Mich. Parole Bd.*, 104 F. App'x 490, 493 (6th Cir. 2004) ("Section 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance."); *Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003) (same); *Simpson v. Overton*, 79 F. App'x 117, 120 (6th Cir. 2003) ("[T]he denial of an appeal cannot in itself constitute sufficient personal involvement to state a claim for a constitutional violation."); *Martin v. Harvey*, 14 F. App'x 307, 309 (6th Cir. 2001) ("The denial of the grievance is not the same as the denial of a request to receive medical care."). Thus, where the only allegation against a defendant relates to the denial of a grievance, a plaintiff fails to allege any personal

involvement by the defendant in the alleged denial of medical treatment. *Id.*

### III. CONCLUSION AND ORDER

For the foregoing reasons, Defendant Beehler's motion for summary judgment (DN 46) is **GRANTED**. **IT IS ORDERED** that Plaintiff's claims against Defendant Beehler are **DISMISSED**.

Date: August 30, 2013

                                              **Charles R. Simpson III, Senior Judge**
                                                   **United States District Court**

cc:      Plaintiff, *pro se*
          Counsel of record
4411.009